## MANGET *vs.* HIGHTOWER.

1. The contest being between a judgment creditor of a trust estate, and a renter who claimed cotton raised on land of the estate by him on the ground that he had paid the rent and the products of his labor belonged to him, the rent being a specified amount of money for which a note was given, evidence as to the usual rent in kind and the value of cotton was irrelevant.
2. A trustee rented trust property and took a note for the rent, which he traded before due ; the original renter sub rented and took a note for the rent, which was paid. Cotton raised by the sub-tenant was levied on by one who had a judgment against the income of the trust estate:

*Held*, that the rent note was the income, and the cotton was not subject.

Trusts. Evidence. Landlord and tenant. Judgment. Before Judge SPEER. Upson Superior Court. November Adjourned term, 1878.

Reported in the decision.

J. A. COTTEN, for plaintiff in error.

J. Y. ALLEN, for defendant.

WARNER, Chief Justice

At the May term, 1875, of Upson superior court, Manget obtained a verdict and judgment against the income of the trust estate in the hands, or that may come into the hands, of A. D. Brown, trustee for Ida May Brown, for the sum of $100.00.

Execution was issued thereon 16th November, 1875, and on 29th October, 1877, the sheriff of Upson levied it upon 400 pounds of seed cotton unpicked in the field of twelve acres, the trust property of defendant in *fi. fa.*; also on 500 pounds of seed cotton picked off of said field, but in possession of Hightower—the renter of said field for that year, 1877—which cotton was levied upon as the income of the trust estate of defendant in *fi. fa.*

Hightower filed a claim to said cotton, stating in his affidavit and bond all the levy contained; but claiming the property as not subject to the *fi. fa.*

At the November adjourned term, 1878, of Upson court, issue being formed, this claim case was tried.

Plaintiff, put in evidence the *fi. fa.*, the levy, and so much of claimant's pleadings as showed the cotton the income of the trust estate.

Claimant introduced the following witnesses: John Gibson, who testified:—He rented the field in which the cotton was raised for said year 1877, and sub-rented it to Hightower at what he gave for it; that is, he gave $25.00 note for the rent and let Hightower take his place, so to speak; that he took a note on Andrews for $25.00, indorsed by Hightower for the rent, and said note was paid before the levy.

J. S. Shannon testified that defendant, Brown, let him have the rent note on Gibson of $25.00 in payment or as a credit on an account for merchandise—family supplies; he got the note two or three days after it was given by Gibson.

Hightower testified that he gave the note of $25.00 on Andrews, indorsed by himself, to Gibson for the rent of

the field for 1877, and Andrews had paid off the note to Gibson before the levy. That he knew nothing of the judgment against Brown, trustee, etc. That about 1500 pounds of seed cotton would make a bale, and he gathered as much as two bales of cotton off of the field that year.

Plaintiff's counsel asked witness the customary rent in kind, and the value of all the cotton raised that year, 1877, by claimant on that field. The court refused to allow this proof to be made.

During the examination of this witness it was admitted that the renting was not in kind, but for a note of $25.00 by Gibson; and sub-let to claimant for a note of $25.00 on Andrews—indorsed by him—and that the notes were settled before levy.

The court held that under these facts the note would be the income of the trust estate, and not the cotton levied upon, and directed a verdict to be taken for the claimant, which verdict was taken and judgment entered.

Plaintiff moved to set aside the verdict and judgment, and for a new trial:—because the verdict was contrary to law and the evidence; and because the court erred in rejecting proof of customary rent in kind, and value of the cotton raised that year by claimant on the field of the trust estate.

The motion was overruled and plaintiff excepted.

There was no error in overruling the plaintiff's motion for a new trial on the statement of facts contained in the record.

Let the judgment of the court below be affirmed.